**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

|  |  |
|---|---|
| **VICTOR MILLER,**<br>Plaintiff, | Civil Action No. 1:26-CV-172-ABJ |
| v. | |
| **CHUCK GRAY, in his official capacity<br>as Wyoming Secretary of State,**<br>Defendant. | **VERIFIED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF; APPLICATION FOR<br>TEMPORARY RESTRAINING ORDER<br>AND PRELIMINARY INJUNCTION** |

Plaintiff Victor Miller, appearing pro se, brings this Verified Complaint against Defendant

Chuck Gray, in his official capacity as Wyoming Secretary of State, and alleges as follows:

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief arising from Defendant's

unconstitutional rejection of Plaintiff's application to appear on the 2026 Wyoming

Republican primary ballot for United States Senator.

2. Plaintiff filed his application to appear on the ballot under the name "Victor" — the name

by which he is generally known in Wyoming political and civic life, including through

his nationally covered 2024 candidacy for Mayor of Cheyenne and his work as founder of

the Rational Governance Alliance.

3. On May 27, 2026, Defendant rejected Plaintiff's application, demanding that Plaintiff

resubmit using the name "Victor Miller" and provide written confirmation that he, as a

person and qualified elector, is the candidate seeking office.

4. Wyoming Statute § 22-6-111 expressly permits a candidate to use "the name on the ballot

by which he is generally known." Defendant's interpretation contradicts the plain text of

the controlling statute and unconstitutionally restricts Plaintiff's rights to ballot access, political expression, and political equality under both federal and Wyoming law.

5. Plaintiff has until 5:00 P.M. MDT on Friday, May 29, 2026 — approximately 48 hours from rejection — to remedy or be excluded from the ballot entirely. Plaintiff seeks emergency relief to prevent that exclusion.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiff's state constitutional and state-law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

9. Plaintiff Victor Miller is a natural person, citizen of the United States, registered voter, and qualified elector under Wyoming law. He has been a bona fide resident of Wyoming since 1982 and resides at 100 E 28th Street, Cheyenne, Wyoming 82001.

10. Defendant Chuck Gray is the Wyoming Secretary of State and the chief election officer of the State of Wyoming. He is responsible for receiving, reviewing, and accepting or rejecting candidate filings for federal and statewide office. He is sued in his official capacity for prospective declaratory and injunctive relief.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff is generally known in Wyoming political and civic life as "Victor."

12. In 2024, Plaintiff ran for Mayor of Cheyenne under the political identity "VIC." His candidacy received national and international media coverage from outlets including NBC News, The Washington Post, Fox News, and Fortune. He received 327 votes in that election.

13. Plaintiff is the founder of the Rational Governance Alliance, a Wyoming Purpose Trust organized to advance principled AI-informed governance. He is the originator of the Rationally Bound Delegate (RBD) framework and is known throughout the AI-governance community by his common political name, "Victor."

14. On or about May 21, 2026, Plaintiff submitted to Defendant his Application for Nomination by Party Primary for the office of United States Senator. He listed "Victor" as the name to appear on the ballot. A true and correct copy is attached as Exhibit A.

15. Plaintiff paid the required filing fee of $768.

16. On May 27, 2026, Defendant transmitted to Plaintiff a letter (the "Rejection Letter") rejecting Plaintiff's application. A true and correct copy is attached as Exhibit B.

17. The Rejection Letter states that Plaintiff's application "fails to meet the statutory obligations required to appear on the ballot, as set forth in W.S. 22-6-111 and the Wyoming Secretary of State's Election Procedures, Chapter 18, Section 6."

18. The Rejection Letter further requires Plaintiff to "provide written confirmation that the candidate running for office is a person and therefore a qualified elector, as required by Wyoming law."

19. The Rejection Letter provides that Plaintiff has until 5:00 P.M. MDT on Friday, May 29, 2026 — approximately 48 hours from rejection — to resubmit as "Victor Miller" and provide the required written confirmation.

20. Defendant refunded Plaintiff's filing fee, signaling final agency action.

21. Upon information and belief, no other candidate for United States Senator in the 2026 Wyoming primary has been required to submit a separate written confirmation that he or she is a person and qualified elector.

22. W.S. § 22-6-111 provides, in relevant part: "A candidate may use the name on the ballot by which he is generally known."

23. Plaintiff is generally known as "Victor."

24. Defendant's rejection of Plaintiff's application based on his use of the name "Victor" exceeds the plain text and statutory authority of W.S. § 22-6-111.

25. Plaintiff has no adequate remedy at law. Absent emergency injunctive relief, Plaintiff will be excluded from the 2026 ballot entirely and irreparably deprived of his constitutional and statutory rights.

## V. CAUSES OF ACTION

*COUNT I — First Amendment: Free Speech and Association (42 U.S.C. § 1983)*

26. Plaintiff incorporates the preceding paragraphs.

27. The First Amendment, applicable to the States through the Fourteenth Amendment, protects political speech, expressive association, and the right to seek elective office.

28. A candidate's chosen ballot name is core political expression.

29. Defendant's rejection of Plaintiff's chosen ballot name burdens Plaintiff's speech and association rights without serving any compelling, important, or even rational state interest.

30. Defendant has acted under color of state law within the meaning of 42 U.S.C. § 1983.

**COUNT II — *Fourteenth Amendment: Equal Protection (42 U.S.C. § 1983)***

31. Plaintiff incorporates the preceding paragraphs.

32. The Equal Protection Clause prohibits the State from selectively enforcing election laws against similarly situated candidates.

33. Upon information and belief, other 2026 candidates for United States Senator filing under their commonly used names were not required to submit additional written confirmation of their identity or qualifications.

34. Defendant's differential treatment of Plaintiff is not rationally related to any legitimate state interest.

**COUNT III — *Fourteenth Amendment: Due Process (42 U.S.C. § 1983)***

35. Plaintiff incorporates the preceding paragraphs.

36. The Due Process Clause protects against arbitrary deprivation of protected liberty and property interests, including ballot access.

37. Defendant's interpretation of W.S. § 22-6-111 contradicts the plain text of the statute, deprives Plaintiff of fair notice of the agency's interpretive position, and affords Plaintiff inadequate opportunity to remedy the alleged defect within 48 hours.

## COUNT IV — Anderson-Burdick Ballot Access Doctrine (42 U.S.C. § 1983)

38. Plaintiff incorporates the preceding paragraphs.

39. Under Anderson v. Celebrezze, 460 U.S. 780 (1983), and Burdick v. Takushi, 504 U.S. 428 (1992), state ballot access restrictions must be evaluated by balancing the burden on the candidate's First and Fourteenth Amendment rights against the precise interests asserted by the State.

40. Defendant's rejection imposes the most severe possible burden — complete exclusion from the ballot.

41. The State's asserted interest in requiring "Victor Miller" rather than "Victor" is minimal at most. No voter confusion has been alleged, no fraud or impersonation risk exists, and Plaintiff's identity is verifiable through his existing voter registration.

42. The severity of the burden combined with the minimal nature of the State's interest renders Defendant's rejection unconstitutional under Anderson-Burdick.

## COUNT V — Wyoming Constitution, Article 1, Section 3 (Equal Political Rights)

43. Plaintiff incorporates the preceding paragraphs.

44. Article 1, Section 3 of the Wyoming Constitution provides: "Since equality in the enjoyment of natural and civil rights is only made sure through political equality, the laws of this state affecting the political rights and privileges of its citizens shall be without distinction of race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction."

45. Defendant's rejection of Plaintiff's application based on his chosen ballot name imposes a distinction in Plaintiff's "political rights and privileges" based on a "circumstance or condition" not authorized by the Wyoming Constitution.

46. No court of competent jurisdiction has adjudicated Plaintiff incompetent or unworthy.

47. Defendant's action violates Article 1, Section 3.

## COUNT VI — *Wyoming Constitution, Article 1, Section 27 (Elections Free and Equal)*

48. Plaintiff incorporates the preceding paragraphs.

49. Article 1, Section 27 provides: "Elections shall be open, free and equal, and no power, civil or military, shall at any time interfere to prevent an untrammeled exercise of the right of suffrage."

50. By excluding Plaintiff from the ballot, Defendant interferes with the untrammeled exercise of suffrage by Wyoming voters who would otherwise have the option to vote for Plaintiff under the name by which he is generally known.

## COUNT VII — *Wyoming Constitution, Article 1, Section 7 (Prohibition on Arbitrary Power)*

51. Plaintiff incorporates the preceding paragraphs.

52. Article 1, Section 7 provides: "Absolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."

53. Defendant's promulgation and enforcement of an administrative rule that exceeds the plain text of its enabling statute, applied selectively against Plaintiff, constitutes the exercise of arbitrary power prohibited by Article 1, Section 7.

## COUNT VIII — *Wyoming Constitution, Article 1, Section 6 (Due Process)*

54. Plaintiff incorporates the preceding paragraphs.

55. Article 1, Section 6 of the Wyoming Constitution guarantees that no person shall be deprived of life, liberty or property without due process of law.

56. Defendant has deprived Plaintiff of his protected interest in ballot access without adequate notice, fair procedure, or meaningful opportunity to be heard.

## COUNT IX — *Wyoming Constitution, Article 1, Section 20 (Freedom of Speech)*

57. Plaintiff incorporates the preceding paragraphs.

58. Article 1, Section 20 of the Wyoming Constitution guarantees freedom of speech to Wyoming citizens.

59. Defendant's rejection of Plaintiff's chosen ballot name impermissibly burdens Plaintiff's protected political expression under the Wyoming Constitution.

## COUNT X — *Wyoming Constitution, Article 1, Section 34 (Uniform Operation of Laws)*

60. Plaintiff incorporates the preceding paragraphs.

61. Article 1, Section 34 provides that all laws of a general nature shall have a uniform operation.

62. Upon information and belief, the written-confirmation requirement has been applied to Plaintiff but not to other similarly situated candidates.

63. Such selective application violates the uniform-operation requirement.

## COUNT XI — *Ultra Vires Agency Action*

64. Plaintiff incorporates the preceding paragraphs.

65. The Wyoming Secretary of State's Election Procedures, Chapter 18, Section 6, to the extent it requires a candidate to use his full legal name on the ballot, exceeds the scope of W.S. § 22-6-111, which expressly permits "the name by which he is generally known."

66. Defendant's enforcement of that administrative rule against Plaintiff is ultra vires and without legal effect.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a Temporary Restraining Order enjoining Defendant from rejecting Plaintiff's candidate filing for United States Senator on the basis of his use of "Victor" as the name to appear on the ballot;

B. Enter a Preliminary Injunction continuing such relief through resolution of the merits;

C. Enter a Declaratory Judgment that Defendant's rejection violates W.S. § 22-6-111, the First and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 3, 6, 7, 20, 27, and 34 of the Wyoming Constitution;

D. Enter a Permanent Injunction ordering Defendant to accept Plaintiff's candidate filing under the name "Victor" and place that name on the 2026 Wyoming Republican primary ballot for United States Senator;

E. Award Plaintiff his reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

F. Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Victor Miller, declare under penalty of perjury under the laws of the United States of America that the factual allegations of the foregoing Verified Complaint are true and correct to the best of my knowledge and belief.

Dated: _28 May 26_____, 2026

_____
**Victor Miller**
Plaintiff Pro Se
100 E 28th Street
Cheyenne, Wyoming 82001
(307) 630-6010
rationalgovernancealliance@gmail.com