**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **VICTOR MILLER,**<br>      Plaintiff, | **Civil Action No.** 2 :26-CV-172-ABJ |
| v. | |
| **CHUCK GRAY, in his official capacity<br>as Wyoming Secretary of State,**<br>      Defendant. | **PLAINTIFF'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>AND PRELIMINARY INJUNCTION;<br>MEMORANDUM IN SUPPORT** |

## MOTION

Plaintiff Victor Miller, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order and Preliminary Injunction enjoining Defendant Chuck Gray, in his official capacity as Wyoming Secretary of State, from rejecting Plaintiff's application to appear on the 2026 Wyoming Republican primary ballot for United States Senator on the basis of Plaintiff's chosen ballot name, "Victor."

Specifically, Plaintiff requests an Order:

(1) Enjoining Defendant from rejecting Plaintiff's candidate filing on the basis of his use of "Victor";

(2) Requiring Defendant to accept Plaintiff's candidate filing and treat it as timely submitted;

(3) Setting a hearing on the Preliminary Injunction at the earliest available date; and

(4) Waiving the security requirement of Rule 65(c) given the public-interest nature of the case.

This Motion is based on the Verified Complaint, the supporting Memorandum below, the Declaration of Victor Miller filed concurrently herewith, and the entire record of this case.

Pursuant to Local Civil Rule 7.1(b)(2)(B), Plaintiff certifies that the 48-hour candidate-filing deadline imposed by Defendant's Rejection Letter renders meaningful pre-filing conferral impracticable; nevertheless, Plaintiff has attempted to communicate with Defendant's office regarding this dispute.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 27, 2026, Defendant Wyoming Secretary of State Chuck Gray rejected Plaintiff's application to appear on the 2026 Wyoming Republican primary ballot for United States Senator. The stated reason: Plaintiff filed under the name "Victor" — a name by which he is undisputedly and nationally known — rather than "Victor Miller." Plaintiff has until 5:00 P.M. MDT on Friday, May 29, 2026 — less than 48 hours from rejection — to remedy or be excluded from the ballot.

The controlling Wyoming statute, W.S. § 22-6-111, expressly authorizes precisely what Plaintiff did. It provides that "[a] candidate may use the name on the ballot by which he is generally known." Defendant's contrary interpretation, grounded in an administrative rule that exceeds statutory authority, violates the First and Fourteenth Amendments, multiple provisions of the Wyoming Constitution, and the plain text of Wyoming statute.

All four factors governing emergency injunctive relief favor Plaintiff. He seeks the modest preservation of the statutory status quo: that Wyoming accept his timely-filed candidate application.

### II. FACTUAL BACKGROUND

Plaintiff is generally and publicly known as "Victor" in Wyoming and national political life. In 2024, he ran for Mayor of Cheyenne under the political identity "VIC." That campaign received national and international media coverage from NBC News, The Washington Post, Fox News, and Fortune.

Plaintiff is the founder of the Rational Governance Alliance, a Wyoming Purpose Trust, and the originator of the Rationally Bound Delegate (RBD) framework. In the AI-governance discourse he is publicly identified as "Victor."

On May 21, 2026, Plaintiff timely filed his Application for Nomination by Party Primary for United States Senator with Defendant, listing "Victor" as the ballot name. He paid the required $768 filing fee.

On May 27, 2026, Defendant rejected the application and refunded the filing fee. The Rejection Letter cited W.S. § 22-6-111 and the Wyoming Secretary of State's Election Procedures, Chapter 18, Section 6, and demanded that Plaintiff resubmit under "Victor Miller" and provide a separate written confirmation that he is a person and qualified elector. The Rejection Letter imposed a 48-hour deadline for remediation.

Upon information and belief, no other Senate candidate has been required to provide such written confirmation. The requirement has been applied to Plaintiff alone.

## III. LEGAL STANDARD

A movant seeking a temporary restraining order or preliminary injunction in the Tenth Circuit must show: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Diné Citizens Against Ruining Our Env't v. Jewell, 839 F.3d 1276, 1281 (10th Cir. 2016).

Each factor is satisfied here.

## IV. ARGUMENT

**A. Plaintiff is likely to succeed on the merits.**

*1. Defendant's interpretation contradicts the plain text of the controlling statute.*

W.S. § 22-6-111 provides: "A candidate may use the name on the ballot by which he is generally known." The statutory language is permissive ("may use") and the criterion is functional ("generally known"), not formal ("full legal name"). Plaintiff is generally known as "Victor" — a fact established by national press coverage, public political activity, and his prior 2024 candidacy. The statute's plain terms authorize his filing.

An administrative rule cannot override a statute it purports to implement. To the extent the Secretary of State's Election Procedures, Chapter 18, Section 6 requires a candidate to use his full legal name despite W.S. § 22-6-111's express permission to use the name by which he is generally known, that rule is ultra vires.

*2. The rejection violates the First and Fourteenth Amendments.*

Ballot access is core political expression and association under the First Amendment, applied to the States through the Fourteenth. Anderson v. Celebrezze, 460 U.S. 780 (1983); Burdick v. Takushi, 504 U.S. 428 (1992). Under the Anderson-Burdick balancing framework, the severity of the burden on the candidate's rights is weighed against the precise interests advanced by the State.

Here, the burden is at its maximum: complete exclusion from the ballot. The State's interest is correspondingly weak. No fraud is alleged. No voter confusion is alleged. No impersonation risk is alleged. Plaintiff's identity is fully verifiable through his existing voter registration. The State's

interest in formal nomenclature — "Victor Miller" instead of "Victor" — does not justify total exclusion.

The Equal Protection Clause is also violated. Upon information and belief, other candidates filing under their commonly used names were not required to submit written confirmation of personhood. Selective application of an idiosyncratic procedural requirement against a single candidate is not rationally related to any legitimate state interest.

*3. The rejection violates multiple provisions of the Wyoming Constitution.*

Article 1, Section 3 — Equal Political Rights — provides that "the laws of this state affecting the political rights and privileges of its citizens shall be without distinction of race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction." The sweeping language "any circumstance or condition whatsoever" forecloses Defendant's interpretive distinction based on a candidate's chosen ballot name. No court has adjudicated Plaintiff incompetent or unworthy.

Article 1, Section 27 — Elections Free and Equal — provides that "[e]lections shall be open, free and equal, and no power, civil or military, shall at any time interfere to prevent an untrammeled exercise of the right of suffrage." Excluding a duly-qualified candidate from the ballot interferes with voters' "untrammeled" exercise of suffrage.

Article 1, Section 7 — No Arbitrary Power — provides that "[a]bsolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic." Enforcement of an administrative rule that exceeds its statutory authority is the textbook definition of arbitrary state power.

Articles 1, Sections 6 (due process), 20 (free speech), and 34 (uniform operation of laws) provide additional independent grounds for relief, each as developed in the Verified Complaint.

## B. Plaintiff will suffer irreparable harm absent injunctive relief.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Ballot exclusion is a textbook irreparable harm: once the primary occurs without Plaintiff on the ballot, no monetary remedy could restore his lost candidacy or restore the voters' lost option to support him. Cf. Williams v. Salerno, 792 F.2d 323, 326 (2d Cir. 1986); Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 883–84 (3d Cir. 1997).

## C. The balance of equities tips decisively in Plaintiff's favor.

The injunction asks the State to do only what its own statute requires: accept a properly filed candidate application. Defendant cannot claim equitable harm from being ordered to comply with W.S. § 22-6-111. Plaintiff, by contrast, faces complete loss of his candidacy.

## D. The injunction serves the public interest.

The public has a powerful interest in elections that include all lawfully qualified candidates and in the enforcement of duly enacted statutes over contradictory agency interpretations. The Purcell doctrine does not bar relief here because the primary election is months away (August 2026), and the relief sought is the status-quo statutory baseline.

## *V. CONCLUSION*

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the Temporary

Restraining Order and Preliminary Injunction as requested, waive any bond requirement, and set

a prompt hearing.

Dated: _28 May 26_____, 2026_____

_____

**Victor Miller**
Plaintiff Pro Se
100 E 28th Street
Cheyenne, Wyoming 82001
(307) 630-6010
rationalgovernancealliance@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

**VICTOR MILLER,**
      Plaintiff,

    v.

**CHUCK GRAY, in his official capacity
as Wyoming Secretary of State,**
      Defendant.

Civil Action No. 226 -CV-172 ABJ

**DECLARATION OF VICTOR MILLER
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

I, Victor Miller, declare as follows:

1. I am the Plaintiff in this action. I make this Declaration based on my personal knowledge. If called as a witness, I could and would competently testify to the matters stated herein.

2. I am a citizen of the United States and a bona fide resident of the State of Wyoming. I have continuously resided in Wyoming since 1982. I currently reside at 100 E 28th Street, Cheyenne, Wyoming 82001. I am a registered Republican voter and a qualified elector under Wyoming law.

3. I am generally and publicly known as "Victor" in Wyoming political and civic life.

4. In 2024, I ran for Mayor of Cheyenne under the political identity "VIC." That candidacy received national and international media coverage from outlets including NBC News, The Washington Post, Fox News, and Fortune. I received 327 votes in that election. My identity as "Victor" was the central public-facing element of that campaign.

5. I am the founder of the Rational Governance Alliance, a Wyoming Purpose Trust organized to advance principled AI-informed governance. I am the originator of the

Rationally Bound Delegate (RBD) framework. In the AI-governance and policy communities, I am publicly identified as "Victor."

6. On or about May 21, 2026, I submitted my Application for Nomination by Party Primary for the office of United States Senator to the Wyoming Secretary of State's office. I listed "Victor" as the name to appear on the ballot. A true and correct copy of my application is attached as Exhibit A to the Verified Complaint.

7. I paid the required $768 filing fee at the time of submission.

8. On May 27, 2026, I received a letter from the Wyoming Secretary of State Chuck Gray rejecting my application. A true and correct copy of that Rejection Letter is attached as Exhibit B to the Verified Complaint. The Rejection Letter demanded that I resubmit using "Victor Miller" and provide separate written confirmation that I am a person and qualified elector. The Rejection Letter set a deadline of 5:00 P.M. MDT on Friday, May 29, 2026 — approximately 48 hours from rejection.

9. My filing fee was refunded by the Secretary of State's office.

10. To my knowledge and belief, no other candidate for United States Senator in the 2026 Wyoming primary has been required to provide the additional written confirmation that the Rejection Letter demands of me.

11. If I am excluded from the 2026 Republican primary ballot, I will have no opportunity to seek the Republican nomination for United States Senator at this election cycle. The harm of that exclusion cannot be remedied by money damages or any post-election relief.

12. My request to appear on the ballot as "Victor" is grounded in the name by which I am publicly and generally known, consistent with the plain text of W.S. § 22-6-111. I am not seeking to use any pseudonym, fictitious name, or assumed identity. "Victor" is my first name and the name under which I have built a public political identity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___28 May 26___, 2026, at Cheyenne, Wyoming.

**Victor Miller**

100 E 28th St
Cheyenne, WY 82001

(307) 630-6010