

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

VICTOR MILLER,

      Plaintiff,

VS.

CHUCK GRAY, in his official capacity as
WYOMING SECRETARY OF STATE,

      Defendant,

Case No.  26-CV-172-ABJ

---

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's *pro se* Complaint (ECF No. 1), Motion for Temporary Restraining Order, (ECF No. 2)[1], and Motion to Proceed In Forma Pauperis (IFP) (ECF No. 3). Because Plaintiff seeks to proceed IFP, the litigation process begins with the Court screening his Complaint. 28 U.S.C. § 1915(e)(2)(B).

After reviewing Plaintiff's Complaint and IFP Motion, the Court DENIES Plaintiff's IFP Motion finding he has not shown an inability to pay the filing fee. The Court also DENIES Plaintiff's Motion for Temporary Restraining Order for failure to show a likelihood of success on the merits and irreparable harm.

---

[1] Plaintiff filed for both a preliminary injunction and a TRO. This order only addresses Plaintiff's motion for TRO.

## LEGAL STANDARD

***In Forma Pauperis***

Pursuant to 28 U.S.C. § 1915(a) an indigent party may commence a federal action without prepayment of the required costs and fees upon submission of an affidavit containing a "statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor[,]" and stating the nature of the action and the moving party's "belief [they are] entitled to redress." 28 U.S.C. § 1915(a)(1) (alterations added). Because there is an in forma pauperis request, the Court is required to screen the Petition and Plaintiff's affidavit alleging poverty pursuant to 28 U.S.C § 1915. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311–12 (10th Cir. 2005) (applying the screening requirements to a motion to proceed in forma pauperis stating that 28 U.S.C § 1915 "applies to all persons applying for IFP status, and not just to prisoners"). Twenty-eight U.S.C. § 1915 states:

> [A]ny court of the United States may authorize the commencement . . . of any suit, . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and establishes] that the person is unable to pay such fees.
> . . .
> Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(a)(1), (e)(2). Therefore, in addition to demonstrating an inability to pay the required filing fee, Plaintiff must also provide a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Plaintiff is acting pro se, thus the Court construes his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). Meaning, the Court will "make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements." *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, "it is not . . . the 'proper function of the district court to assume the role of advocate for the *pro se* litigant.'" *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

### *In Forma Pauperis*

Courts have broad discretion to determine whether to grant a civil litigant permission to proceed in forma pauperis. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). In this case, Plaintiff asserts he lacks sufficient funds or property to pay the required filing fee of $405. (ECF No. 3). Plaintiff's IFP motion indicates he is currently employed by the Laramie County Library System and his take home salary equals $2,400 per month. (*Id.* at 1). Plaintiff also owns property in Cheyenne, Wyoming. (*Id.* at 2). Plaintiff pays $1,400 per month in rent and contributes $500 per month to support his father. (*Id.*).

3

The Court finds Plaintiff's monthly income exceeds his monthly expenses such that he has the financial ability to pay the required filing fees. *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (finding plaintiff had sufficient income to pay the filing fees as his monthly income exceeded his monthly expenses "by a few hundred dollars."). The Court also questions Plaintiff's inability to proceed without prepayment of fees given he paid the full $768 filing fee for his United States Senator application. (*See* ECF No. 2 at 4). Plaintiff's motion to proceed in forma pauperis is thus DENIED.

### *Motion for Temporary Restraining Order*

While the Court would generally not consider the matter further, until Miller paid the filing fee, given the timing of this issue the Court will consider the TRO. The Court finds Plaintiff has failed show he is likely to succeed on the merits or that he would receive irreparable harm if the Court does not grant a temporary restraining order.

A party seeking a temporary restraining order must prove all four of the following equitable factors weigh in their favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [the] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

4

## Likelihood of Success on the Merits

Plaintiff claims he is likely to succeed on the merits because Wyo. Stat. Ann. § 22-6-111 allows a candidate to use the name on the ballot "by which he is generally known" and he "is generally known as 'Victor' – a fact established by national press coverage, public political activity, and his prior 2024 candidacy." (ECF No. 2 at 5). However, Plaintiff has not sufficiently shown he is known as Victor. In fact, the many news outlets Plaintiff cites as referring to him as Victor instead refer to him as "Victor Miller", "Mr. Miller," or his 2024 mayoral candidate identity "VIC." *See, e.g.,* Anna Betts, *Wyoming Voters Face Mayoral Candidate who Vows to Let AI Bot Run Government*, THE GUARDIAN (Aug. 19, 2024), https://www.theguardian.com/us-news/article/2024/aug/19/ai-mayor-candidate-victor-miller-cheyenne-wyoming (referring to Plaintiff as "Miller"); Jane Timm, *An AI Bot for Mayor? Wyoming Election Official Says Not So Fast*, NBC NEWS (June 17, 2024), https://www.nbcnews.com/politics/2024-election/ai-bot-mayor-cheyenne-wyoming-election-official-rcna157499 (referring to Plaintiff as "Victor Miller" and "Miller"); Charles Creitz, *Wyoming Man Running as Bot Concedes Race, Launches 'Alliance' to Inject AI into Politics*, FOX NEWS (Aug. 22, 2024), https://www.foxnews.com/politics/wyoming-man-running-bot-concedes-race-launches-alliance-inject-ai-politics (referring to Plaintiff as "Victor Miller" and "Miller"). Therefore, Plaintiff has not shown he is likely to succeed on the merits.

## Irreparable Harm

To show irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)

5

(citations omitted). "Irreparable harm is not harm that is merely serious or substantial." *Id.* "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (citation and quotation marks omitted).

In this case, Plaintiff argues he would suffer irreparable harm absent injunctive relief because "once the primary occurs without Plaintiff on the ballot, no monetary remedy could restore his lost candidacy or restore the voters' lost option to support him." (ECF No. 2 at 7). However, Plaintiff's alleged harm is not that his name would be excluded from the ballot. It is that his name would appear on the ballot as "Victor Miller" instead of "Victor." As Plaintiff's Complaint states, Defendant is providing Plaintiff the opportunity to resubmit an application as "Victor Miller." (ECF No. 1, ¶ 19). The Court finds Plaintiff has not demonstrated how he would be irreparably harmed if he submitted his full name for the application. Since Plaintiff cannot prove all four equitable factors, his motion for temporary restraining order is DENIED.

## CONCLUSION

On initial screening under 28 U.S.C. § 1915, the Court finds Plaintiff has not shown he lacks sufficient funds or property that would allow him to proceed in forma pauperis. Additionally, Plaintiff has not shown that he would likely succeed on the merits or that he would be irreparably harmed if not granted a temporary restraining order.

**IT IS THEREFORE ORDERD** Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Proceed In Forma Pauperis

6

(ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff shall have until June 3, 2026, to pay the required filing fee.

Dated this 29 day of May, 2026.

Alan B. Johnson
United States District Judge

7