## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

**VICTOR MILLER,**
        Plaintiff,

    v.

**CHUCK GRAY, in his official capacity
as Wyoming Secretary of State,**
        Defendant.

**Case No. 26-CV-172-ABJ**

**FIRST AMENDED VERIFIED
COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiff Victor Miller, appearing pro se, files this First Amended Verified Complaint as of right

pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). This Amended Complaint supersedes

the original Complaint (ECF No. 1) and is intended to address the factual and legal questions

raised by the Court's Order of May 29, 2026 (ECF No. 4). Plaintiff alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief arising from Defendant Wyoming

   Secretary of State Chuck Gray's rejection of Plaintiff's timely-filed application to appear

   on the 2026 Wyoming Republican primary ballot for United States Senator.

2. Wyoming Statute § 22-6-111 provides, in plain and permissive terms: "A candidate may

   use the name on the ballot by which he is generally known."

3. Plaintiff is generally known in his community, his profession, his civic life, and his

   political work as "Victor." His chosen ballot name, "Victor," reflects that ordinary

   identification.

4.  Defendant rejected Plaintiff's application not because Plaintiff fails to meet any qualification for office, not because of any fraud, confusion, or impersonation, but solely because Defendant insists that the ballot must read "Victor Miller" rather than "Victor."

5.  This action seeks declaratory and injunctive relief restoring Plaintiff's right under W.S. § 22-6-111 and the First and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 3, 6, 7, 20, 27, and 34 of the Wyoming Constitution.

## II. JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and 42 U.S.C. § 1983.

7.  This Court has supplemental jurisdiction over Plaintiff's state constitutional and state-law claims pursuant to 28 U.S.C. § 1367(a).

8.  Venue is proper in this District under 28 U.S.C. § 1391(b).

## III. PARTIES

9.  Plaintiff Victor Miller is a natural person, citizen of the United States, registered voter, and qualified elector under Wyoming law. He has been a bona fide resident of Wyoming since 1982 and resides at 100 E 28th Street, Cheyenne, Wyoming 82001.

10. Defendant Chuck Gray is the Wyoming Secretary of State and the chief election officer of the State of Wyoming. He is sued in his official capacity for prospective declaratory and injunctive relief.

## IV. FACTUAL ALLEGATIONS

*A. Plaintiff Is Generally Known as "Victor"*

11. Plaintiff's lawful first name is "Victor." His full legal name is "Victor Scott Miller."

12. In day-to-day life — at his place of employment, at his church, among his neighbors, in correspondence with family and friends, and in business and professional dealings — Plaintiff is addressed and referred to simply as "Victor."

13. Plaintiff signs personal and professional correspondence as "Victor." He answers the telephone as "Victor." He introduces himself in person as "Victor."

14. Plaintiff is the founder of the Rational Governance Alliance ("RGA"), a Wyoming Purpose Trust devoted to principled AI-informed governance. RGA's public-facing materials, internal correspondence, and trust documents identify Plaintiff as "Victor."

15. Plaintiff is the originator of the Rationally Bound Delegate ("RBD") framework. In the AI-governance and policy communities — through writings, presentations, and public discussion — Plaintiff is identified as "Victor."

16. Plaintiff is the founder of the American Separation Anxiety Disorder Association (asadahelp.org) where he is identified as "Victor."

17. Plaintiff has worked for over eight years for the Laramie County Library System in a dual maintenance and computer-center role. He is known to his colleagues, supervisors, and library patrons as "Victor."

18. In 2024, Plaintiff ran for Mayor of Cheyenne under the political identity "VIC" — a stylized reference to his given name, "Victor," embodying the public-facing AI-candidate persona of the campaign. That campaign received national and international press

coverage from NBC News, The Washington Post, Fox News, Fortune, and The Guardian, among others.

19. That the news media's house style requires "first name plus surname" or "surname only" on subsequent reference — i.e., "Victor Miller" or "Mr. Miller" — does not establish how Plaintiff is generally known. It establishes how news organizations formally identify subjects. The two are not the same.

20. Plaintiff is generally known as "Victor" within the meaning of W.S. § 22-6-111.

## B. *Plaintiff's Application and the Rejection*

21. On or about May 21, 2026, Plaintiff timely submitted his Application for Nomination by Party Primary for the office of United States Senator to Defendant, listing "Victor" as the name to appear on the ballot.

22. Plaintiff paid the required $768 filing fee.

23. On May 27, 2026, Defendant transmitted a Rejection Letter to Plaintiff stating that the application failed to meet the requirements of W.S. § 22-6-111 and Wyoming Secretary of State Election Procedures, Chapter 18, Section 6.

24. The Rejection Letter further required Plaintiff to provide separate written confirmation that the candidate running for office is a person and a qualified elector.

25. The Rejection Letter set a 48-hour deadline for resubmission as "Victor Miller."

26. Defendant refunded Plaintiff's filing fee, signaling that the rejection was final agency action.

27. Upon information and belief, no other candidate for any 2026 Wyoming primary office has been required to provide a separate written confirmation of personhood or elector qualification. Defendant has applied this requirement to Plaintiff alone.

## C. The Statutory Framework

28. W.S. § 22-6-111 provides, in full: "A candidate may use the name on the ballot by which he is generally known. Professional titles and degrees shall not appear on the ballot. If in the opinion of the officer with whom the application for nomination or election is filed the names of two (2) or more candidates for any office to be voted on at the same election are the same or so similar as to confuse the electors as to the candidates' identity, the occupation and residence address of each of these candidates shall be printed under the candidate's name on the ballot."

29. The statute is permissive ("may use"), functional ("generally known"), and explicitly anticipates and resolves the only concrete risk of brevity in candidate naming: similar-name confusion among multiple candidates (resolved by adding occupation and residence).

30. There is no other candidate for United States Senator in the 2026 Wyoming Republican primary whose name is the same as or substantially similar to "Victor."

31. The Wyoming Secretary of State's Election Procedures, Chapter 18, Section 6, to the extent it requires a candidate to use a particular full legal form of name despite the statute's express permission to use the name by which the candidate is generally known, exceeds the scope of W.S. § 22-6-111.

32. Defendant's interpretation, if accepted, would read the operative phrase "by which he is generally known" out of the statute. Under Defendant's reading, every candidate is required to use a full legal name no matter how he is publicly addressed, rendering the permission granted by the statute a nullity.

### D. The Constitutional Stakes

33. A candidate's choice of ballot name is a form of core political expression. The name a candidate adopts on the ballot is the name the voter sees at the moment of decision; it is the name under which the candidate seeks to communicate identity, brand, and continuity of public engagement.

34. Plaintiff has, for years, built a public political identity around the name "Victor." That identity is the predicate for his ongoing campaign organization (the Rational Governance Alliance), his recognized public persona, and the continuity of his political project from 2024 forward.

35. Defendant's rejection compels Plaintiff to disavow his chosen political identity as a precondition of ballot access. Compelled speech of this kind is a First Amendment harm independent of whether the candidate's name ultimately appears on the ballot in some altered form.

36. Defendant's rejection also imposes a selective, individualized obligation on Plaintiff — the written-confirmation-of-personhood requirement — that is not imposed on other similarly situated candidates.

## V. CAUSES OF ACTION

*COUNT I — First Amendment: Free Speech and Compelled Speech (42 U.S.C. § 1983)*

37. Plaintiff incorporates the preceding paragraphs.

38. The First Amendment, applied to the States through the Fourteenth, protects political speech, expressive association, and the right to seek elective office. The ballot is a forum in which the candidate communicates identity to the electorate, and the candidate's chosen ballot name is a protected expressive choice.

39. Defendant's rejection compels Plaintiff to identify himself on the ballot in a manner Plaintiff did not choose and which is inconsistent with his political identity. Compelled speech of this kind is constitutionally suspect.

40. Defendant's actions are not narrowly tailored to serve any compelling, important, or substantial state interest.

41. Defendant has acted under color of state law within the meaning of 42 U.S.C. § 1983.

## COUNT II — Fourteenth Amendment: Equal Protection (42 U.S.C. § 1983)

42. Plaintiff incorporates the preceding paragraphs.

43. Defendant has imposed a written-confirmation-of-personhood requirement on Plaintiff that has not been imposed on similarly situated candidates.

44. Defendant's differential treatment of Plaintiff is not rationally related to any legitimate state interest.

## COUNT III — Fourteenth Amendment: Due Process (42 U.S.C. § 1983)

45. Plaintiff incorporates the preceding paragraphs.

46. Defendant's interpretation of W.S. § 22-6-111 contradicts the plain text of the statute, deprives Plaintiff of fair notice of the agency's interpretive position, and affords Plaintiff inadequate opportunity to be heard before the agency's final decision.

### COUNT IV — Anderson-Burdick Ballot Access Doctrine (42 U.S.C. § 1983)

47. Plaintiff incorporates the preceding paragraphs.

48. Under Anderson v. Celebrezze, 460 U.S. 780 (1983), and Burdick v. Takushi, 504 U.S. 428 (1992), ballot access restrictions are evaluated by balancing the burden on the candidate's constitutional rights against the precise interests asserted by the State.

49. Here, the State has not identified — and cannot identify — any non-trivial interest served by rejecting Plaintiff's chosen ballot name. There is no voter confusion, no fraud risk, no similar-name candidate, and no impersonation concern. The Wyoming Legislature has already addressed the only credible concern (similar-name confusion) by directing the addition of occupation and residence — not by mandating full legal names.

50. The State's interest is therefore minimal. The burden on Plaintiff — denial of ballot access without compliance, or compelled identification under a name he did not choose — is real and substantial.

### COUNT V — Wyoming Constitution, Article 1, Section 3 (Equal Political Rights)

51. Plaintiff incorporates the preceding paragraphs.

52. Article 1, Section 3 of the Wyoming Constitution provides that "the laws of this state affecting the political rights and privileges of its citizens shall be without distinction of

race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction."

53. Defendant's selective enforcement against Plaintiff — including the imposition on Plaintiff alone of the written-confirmation-of-personhood requirement — constitutes a distinction in Plaintiff's political rights and privileges based on a "circumstance or condition" not authorized by the Wyoming Constitution. No court of competent jurisdiction has adjudicated Plaintiff incompetent or unworthy.

## COUNT VI — *Wyoming Constitution, Article 1, Section 27 (Elections Free and Equal)*

54. Plaintiff incorporates the preceding paragraphs.

55. Article 1, Section 27 provides that "[e]lections shall be open, free and equal, and no power, civil or military, shall at any time interfere to prevent an untrammeled exercise of the right of suffrage."

56. Defendant's exclusion of a duly qualified candidate from the ballot interferes with voters' untrammeled exercise of suffrage.

## COUNT VII — *Wyoming Constitution, Article 1, Section 7 (No Arbitrary Power)*

57. Plaintiff incorporates the preceding paragraphs.

58. Article 1, Section 7 provides that "[a]bsolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic."

59. Defendant's enforcement of an administrative rule that exceeds the scope of its enabling statute is the exercise of arbitrary power.

*COUNT VIII — Wyoming Constitution, Article 1, Section 6 (Due Process)*

60. Plaintiff incorporates the preceding paragraphs.

61. Defendant has deprived Plaintiff of his protected interest in ballot access without adequate notice, fair procedure, or meaningful opportunity to be heard.

*COUNT IX — Wyoming Constitution, Article 1, Section 20 (Free Speech)*

62. Plaintiff incorporates the preceding paragraphs.

63. Defendant's rejection compels Plaintiff to identify himself other than as he chose for political expression — a burden on speech protected by Article 1, Section 20.

*COUNT X — Wyoming Constitution, Article 1, Section 34 (Uniform Operation)*

64. Plaintiff incorporates the preceding paragraphs.

65. Article 1, Section 34 requires that "[a]ll laws of a general nature shall have a uniform operation."

66. Defendant's selective application of the written-confirmation requirement to Plaintiff and not to similarly situated candidates violates the uniform-operation requirement.

*COUNT XI — Ultra Vires Agency Action*

67. Plaintiff incorporates the preceding paragraphs.

68. To the extent that Wyoming Secretary of State Election Procedures Chapter 18, Section 6, requires use of a candidate's full legal name notwithstanding the candidate's general public identification under a shorter or different name, that rule exceeds the scope of W.S. § 22-6-111 and is unenforceable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a Preliminary Injunction, and after merits adjudication a Permanent Injunction, requiring Defendant to accept Plaintiff's candidate application under the name "Victor" and to place that name on the 2026 Wyoming Republican primary ballot for United States Senator;

B. Enter a Declaratory Judgment that Defendant's rejection of Plaintiff's application violates W.S. § 22-6-111, the First and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 3, 6, 7, 20, 27, and 34 of the Wyoming Constitution;

C. Award Plaintiff his reasonable costs under 42 U.S.C. § 1988; and

D. Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Victor Miller, declare under penalty of perjury under the laws of the United States of America that the factual allegations of the foregoing First Amended Verified Complaint are true and correct to the best of my knowledge and belief.

Dated: _____, 2026

_____
**Victor Miller**
Plaintiff Pro Se
100 E 28th Street
Cheyenne, Wyoming 82001
(307) 630-6010
rationalgovernancealliance@gmail.com